UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

TRAVIS LAMONE BENJAMIN,

     Plaintiff,

v.                                      Case No. 3:23cv5402-TKW-HTC

PRUET PRODUCTION CO.,

     Defendant.

_____/

## REPORT AND RECOMMENDATION

     Plaintiff Travis Lamone Benjamin, proceeding *pro se* and *in forma pauperis*, sues Defendant Pruet Production Co. ("Pruet" or the "Company") for denying his request "to be removed as an interest owner." ECF Doc. 6. Because that is the *sole* factual allegation in Plaintiff's amended complaint, the undersigned recommends this action be DISMISSED for lack of jurisdiction.

     Plaintiff filed his initial complaint on March 9, 2023. ECF Doc. 1. Upon screening the complaint, the Court found Plaintiff's allegations failed to meet the basic pleading requirements of Federal Rule of Civil Procedure 8 and, also, failed to allege facts sufficient to establish a basis for this Court's subject matter jurisdiction. ECF Doc. 5. The Court, nonetheless, gave Plaintiff an opportunity to file an amended complaint, advised Plaintiff on the elements for establishing both federal

question and diversity jurisdiction, and specifically told him he had not set forth any "facts showing the amount in controversy exceeded $75,000." *Id.* at 7.

Plaintiff, however, failed to cure the deficiencies identified by the Court. In the amended complaint, Plaintiff continues to allege *no facts* to support any claim arising under federal law or the United States Constitution. Instead, Plaintiff continues to make only vague references to the Constitution, such as the "right to liberty, 10th amendment, [and] right to freedom of conscience." ECF Doc. 6 at 6. Thus, as the Court previously told Plaintiff, he has not established this Court's federal question jurisdiction. *See* 28 U.S.C. § 1331; *see Mitchell v. Parham*, 357 F.2d 723, 725 (10th Cir. 1966) ("a mere allegation . . . that the cause arises under the Constitution or laws of the United States without specific facts is not enough under any standard to pass the jurisdictional hurdle").

Plaintiff also continues to fail to meet his burden of establishing this Court's diversity jurisdiction. *See* 28 U.S.C. § 1332(a)(1) (to establish diversity jurisdiction, the amount in controversy must exceed $75,000 "exclusive of interest and costs" and the action must be between citizens of different states). Plaintiff's addition of "litigation cost, minimum amount of $75k" to the "Relief Requested" section of the amended complaint simply does not meet jurisdictional muster. In other words, it is not sufficient for Plaintiff simply to insert "$75k" in his amended complaint. *See Shephard v. Parker*, 2020 WL 5983396, at *2 (M.D. Fla. July 23, 2020), *report and*

*recommendation adopted*, 2020 WL 5983401 (M.D. Fla. Aug. 12, 2020) (dismissing complaint for lack of diversity jurisdiction where original complaint sought $35,000 and amended complaint sought $100,000 but included no factual basis for the purported damages).

First, Plaintiff's allegation, read as written, seeks costs of a minimum of $75,000, which does not show an amount in controversy exceeding $75,000, exclusive of costs. *See Kemper v. Ray's Sunshine Cycles*, 2012 WL 13136806, at *1 (M.D. Fla. Mar. 20, 2012) ("Although Kemper seeks interest and costs, the plain text of 28 U.S.C. § 1332(a) excludes those items from the amount in controversy calculus."). Second, even interpreting Plaintiff's amended complaint liberally as seeking an amount in excess of the jurisdictional limit, Plaintiff's allegation is wholly conclusory. And "[a] conclusory allegation ... that the jurisdictional amount is satisfied, without setting forth the underlying facts supporting such an assertion, is insufficient to meet the plaintiff's burden." *Bradley v. Kelly Servs., Inc.*, 224 F. App'x 893, 895 (11th Cir. 2007) (internal citation, quotations, and alteration omitted).

Here, even assuming the parties are citizens of different states,[1] Plaintiff has alleged no facts supporting any claim at all against Pruet, whether based on federal,

---

[1] While Plaintiff provides a Florida mailing address for himself and a Mississippi mailing address for Pruet, he does not allege Pruet's place of incorporation or its principal place of business is in

state, or the common law, much less one worth $75,000. There are no facts showing

what interest Plaintiff claims to have had, on what basis he claims a right to

termination, or even how he arrived at $75,000 as his damage amount. The Court

simply cannot accept Plaintiff's bald claim to $75,000 as establishing this Court's

jurisdiction when "Plaintiff has [] failed to allege any facts suggesting that the

amount in controversy exceeds the sum of $75,000." *Ratcliff v. Wal-Mart Stores,

Inc.*, 2007 WL 4181913, at *3 (M.D. Fla. Nov. 14, 2007) (dismissing *pro se* action

for lack of jurisdiction because, "[w]hile the Court appreciates that Plaintiff's illness

and resulting missed work was an inconvenience to Plaintiff, there are no facts in

the Amended Complaint which remotely suggest that these types of damages would

reasonably exceed $75,000"); *In re Complaint of Fin. Indem. Co.*, 173 F.R.D. 435,

437 (W.D. La. 1997) ("In this case, the Complaint contains no allegations as to the

nature and extent of Lee's injuries, the amount of medical expenses incurred, or any

potential lost wage claim. FIC's conclusory allegation that the amount in

controversy exceeds $75,000.00 is legally insufficient to establish diversity

jurisdiction.")

"While a federal court must of course give due credit to the good faith claims

of the plaintiff, a court would be remiss in its obligations if it accepted every claim

---

Mississippi. *See MacGinnitie v. Hobbs Grp., LLC*, 420 F.3d 1234, 1239 (11th Cir. 2005) ("For
diversity purposes, a corporation is a citizen of both the state where it is incorporated and the state
where it has its principal place of business.") (citing 28 U.S.C. § 1332(c)).

of damages at face value, no matter how trivial the underlying injury." *Diefenthal v. C. A. B.,* 681 F.2d 1039, 1052 (5th Cir. 1982). Indeed, if the Court were to find jurisdiction here, it would be encouraging litigants to invoke federal court jurisdiction simply by crafting numbers out of whole cloth. *See Yegorov v. Japan*, 2018 WL 4773533, at *1 (E.D. Cal. July 13, 2018) (dismissing action for lack of jurisdiction where plaintiff made "vague and conclusory allegations of 'international corruption conspiracy,' and asserts an **amount in controversy** of nine trillion dollars") (emphasis included). Thus, because Plaintiff has failed to allege any facts to establish this Court's jurisdiction, despite being specifically directed he needed to do so, this action should be dismissed. *See Kemper*, 2012 WL 13136806, at * 1 (adopting recommendation of dismissal of *pro se* complaint for lack of subject matter jurisdiction where asserted damages of $75,000 were belied by documents attached to complaint).

Accordingly, it is RECOMMENDED:

1.     This case be DISMISSED for lack of subject matter jurisdiction or, in the alternative, failure to state a claim.

2.     That the clerk be directed to close the file.

At Pensacola, Florida, this 10th day of April, 2023.

/s/ Hope Thai Cannon

**HOPE THAI CANNON**
**UNITED STATES MAGISTRATE**

## NOTICE TO THE PARTIES

Objections to these proposed findings and recommendations must be filed within **fourteen (14) days** of the date of the Report and Recommendation. <u>Any different deadline that may appear on the electronic docket is for the court's internal use only and does not control.</u>  An objecting party must serve a copy of its objections upon all other parties.  A party who fails to object to the magistrate judge's findings or recommendations contained in a report and recommendation waives the right to challenge on appeal the district court's order based on the unobjected-to factual and legal conclusions. *See* 11th Cir. Rule 3-1.